(Pleito No. 79.—Fallado el 1º de Septiembre de 1900.)

## Font contra El Registrador de la Propiedad.

Solicitud de un *Mandamus.*

Anotación de gravámenes que pesan sobre un inmueble. La sección cuarta del artículo 126 del Reglamento dictado para la ejecución de la Ley Hipotecaria es una excepción á la regla ó precepto establecido en el artículo 92, y debe aplicarse estrictamente en favor de los herederos como allí se especifica, no pudiendo entenderse ampliada al cesionario de uno de dichos herederos.

Puerto Rico, Septiembre primero de mil novecientos.— Visto el presente recurso gubernativo interpuesto por el Lcdo. Don Herminio Díaz Navarro, á nombre de Don Juan Font y Vila, contra negativa del Registrador de la Propiedad de esta Capital, á anotar un mandamiento de embargo.— Resultando: Que en el juicio declarativo de menor cuantía seguido por Don Juan Font con Don Ramón Miyar, en cobro de mil treinta y siete pesos, trece centavos, intereses y costas, se libró mandamiento por el Tribunal del Distrito de San Juan al Registrador de la Propiedad de esta Capital, para la anotación del embargo decretado contra el deudor Don Ramón Miyar, y llevado á efecto en la 3ª parte proindivisa que le correspondía como cesionario de las acciones y derechos que pertenecieran á Don José López Domingo, en su carácter de heredero de su difunto padre Don José López Noriega, en una finca rústica, radicada en el término municipal de la Carolina, barrio de Canovanillas; y que presentado dicho mandamiento al Registrador para la anotación del embargo, lo devolvió con la siguiente nota: "No admitida la anotación ordenada en el precedente mandamiento, con sujeción á lo dispuesto en la regla 1ª del artículo

92 del Reglamento Hipotecario, por aparecer inscrita la finca á favor de persona distinta de aquella contra la cual se sigue el procedimiento; y no pareciendo subsanable dicho defecto, no es admisible la anotación de suspensión."— Resultando: Que contra la negativa del Registrador interpuso el Lcdo. Don Herminio Díaz Navarro, á nombre de Don Juan Font y Vila, el presente recurso gubernativo ante el Hon. Presidente de este Tribunal Supremo en cinco de Diciembre último, para que se declarara no ser procedente la negativa del Registrador y se le ordenara la anotación del embargo dispuesto por el Tribunal del Distrito, fundándose para ello en la regla 4ª del artículo 126 del Reglamento de la Ley Hipotecaria; puesto que si con arreglo á esta disposición legal pueden anotarse los bienes cuando están inscritos á nombre del causante del embargado, siempre que se expresen en el mandamiento las circunstancias que la referida disposición previene, estando inscrita la finca á nombre de Doña María Crescencia Domingo, que es causante de Don Ramón Miyar, como cesionario que es éste de su hijo y heredero Don José López Domingo, y conteniendo el mandamiento todos los requisitos prevenidos por la citada disposición 4ª del artículo 126 del Reglamento Hipotecario, no ha debido denegarse la anotación del embargo ordenado por el Tribunal del Distrito de San Juan.—Resultando: Que pedido informe al Registrador de la Propiedad y al Tribunal del Distrito, lo evacuó el primero insistiendo en su negativa y reproduciendo el segundo sustancialmente los fundamentos expuestos por la parte recurrente. — Resultando: Que elevado en este estado el expediente á este Tribunal para la resolución del recurso, se libró mandamiento al Registrador de la Propiedad de esta Capital, para que certificara á favor de quién ó quiénes aparecía inscrita la estancia embargada al deudor Don Ramón Miyar, circunstancia que no constaba en el expediente; de la certificación expedida por aquel funcionario aparece que la estancia de referencia había sido inscrita á favor de Doña María

Crescencia Domingo, en ocho de Noviembre ·del año anterior, en cuyo día se había presentado el mandamiento para anotar el embargo practicado á favor de Don Juan Font de la tercera parte de dicha estancia, cuya anotación había sido denegada por hallarse inscrita la finca á favor de persona distinta de aquélla contra la que se seguía el procedimiento, y que posteriormente, por fallecimiento de los esposos Don José López Noriega y Doña María Crescencia Domingo había sido inscrita á favor de sus hijos y nietos, en la proporción que en la propia certificación se expresa.—Considerando: Que al ordenar el artículo 92 del Reglamento dictado para la ejecución de la Ley Hipotecaria, que se hará anotación preventiva de todo embargo de bienes inmuebles ó derechos reales que se decrete en juicio civil ó criminal, aunque aquél sea preventivo, con sujeción á las reglas que el mismo artículo establece, por la primera de ellas se previene terminantemente que si la propiedad de las fincas embargadas apareciere inscrita en los libros antiguos ó modernos á favor de una persona que no sea aquella contra quien se hubiere decretado el embargo, se denegará la anotación, practicándose cuanto la Ley y el mismo Reglamento disponen para las inscripciones que se denieguen por defectos no subsanables.—Considerando: Que si bien la disposición 4ª del artículo 126 del mismo Reglamento autoriza la anotación del embargo decretado contra los bienes del heredero aun cuando no estuviesen inscritos á su favor y aparezcan todavía á nombre de su causante, siempre que se haga constar la fecha del fallecimiento de éste, la del testamento, si lo hubiese, el nombre del Notario, ante quien se haya otorgado y el del heredero; y en otro caso, referencia de haberse incoado procedimiento judicial para declarar herederos, y si estuviese hecha la declaratoria, los nombres, apellidos y vecindad de los nombrados, y fecha de la ejecutoria en que hubiesen sido declarados tales herederos, esta disposición legal, que es una ·verdadera excepción de la regla ó precepto general establecido en el número 1º del artículo

92 del Reglamento, no puede aplicarse al caso que motiva el presente recurso, puesto que limitada dicha excepción al caso para el que ha sido dictada, que no es otro que el de haberse ordenado la anotación contra el heredero del anterior dueño ó poseedor de la finca ó derechos inscritos, no puede ampliarse á otros distintos, como el de Don Ramón Miyar que no es heredero de las personas á cuyo nombre figura inscrita la estancia de Canovanillas, sobre la que se ha pedido la anotación del embargo, y que como cesionario de Don José López Domingo no puede entenderse subrogado en los derechos que á éste corresponden sobre la estancia de referencia, á los efectos de la Ley Hipotecaria, mientras no inscriba su título en el Registro de la Propiedad, con arreglo á los artículos 20 de la misma Ley y 84 del Reglamento.— Considerando; Que por los motivos expuestos no era procedente la anotación de embargo de que se trata en el presente recurso. Vistas las disposiciones legales citadas. Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pie del mandamiento de referencia, devolviéndosele al interesado, y líbrese al Registrador copia certificada de la presente resolución, que se publicará en la Gaceta Oficial, á los fines procedentes.—Lo acordaron y firman los Sres, del Tribunal, certifico.

José S. Quiñones,—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.—E. de J. López Gaztambide, Secretario.